Law Library

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

    vs.

RAYMONG SIGUENZA MANSAPIT,
                    Defendant.

CRIMINAL CASE NO. CM 126401

**DECISION AND ORDER**
(Motion to Suppress)

Defendant filed a Notice of Motion on March 23, 2012 to have heard his Motion to Suppress before the HONORABLE JUDGE ELIZABETH BARRETT-ANDERSON. Defendant is represented by Assistant Public Defender Suresh Sampath. The People are represented by Assistant Attorney General James C. Collins. The Court having ruled on the legal issues presented by the motion heretofore, now therefore, pursuant to Rule CVR 7.1(e)(1), the Court decides this matter without further briefing or oral argument. Having considered the briefs herein the motion is **DENIED**.

### FACTUAL BACKGROUND

On December 18, 2011, at approximately 4:00 a.m., Officers of the Guam Police Department (hereinafter "Officers") responded to a tip from a Mr. Lujan about the Defendant (hereinafter "Mansapit") along Route #1, in Tamuning. Mr. Lujan observed a Toyota Tercel (TAM7356) swerving on the roadway and traveling in on-coming traffic. The Officers elected a traffic stop near Asan Park. Mansapit was observed to have bloodshot watery eyes and difficulty maintaining balance. The Officers also noted a strong odor of intoxicants, and when asked Mansapit admitted to drinking a twelve (12) pack of beer. At approximately 1:42 a.m. Mansapit agreed to perform the Standardized Field Sobriety Test ("SFST"), which he failed. A test of his blood alcohol content ("BAC") was administered. Mansapit was arrested shortly after 4:00 a.m. There is no dispute as to these facts. On March 12, 2011, Siren was charged with 1) Driving While Under the Influence of Alcohol, as a misdemeanor (BAC); 2) Driving While Under the Influence of Alcohol, as a misdemeanor; and 3) Operating a Motor Vehicle without a Valid License, as a petty misdemeanor.

## DISCUSSION

Mansapit moves to suppress "any and all evidence" obtained by the Officers as a result of an unlawful detention of his person in violation of 8 Guam Code Annotated § 30.10-30.60, Guam's "Stop and Frisk" statute. Guam law provides that "[n]o person shall be detained under the provisions of § 30.10 longer than is reasonable necessary to effect the purposes of that section, and in no event longer than fifteen (15) minutes... ." 8 GCA § 30.30. Mansapit argues that he was detained more than the permitted fifteen (15) minutes, and therefore, the remedy for violation should be suppression of any and all evidence seized. Mansapit cites the Court to an earlier decision of this Court in *People v. Santos*, CM 805-09 (Super. Ct. Guam July 2, 2010), wherein this Court concluded the police officers had detained the defendant longer than lawfully permitted under the facts of the case. For the following reason, the Court is abandoning its ruling in *Santos* based on the following analysis.

The purpose for Guam's "Stop and Frisk Act" is for 'investigatory stops' where the police officer has reasonable suspicion that a person has, is, or is about to commit a criminal offense. 8 G.C.A. §30.20. A police officer then has fifteen (15) minutes to ascertain the identity of individual and determine the circumstances surrounding his presence. See §30.30. If probable cause arises during the 'investigatory stop' the police officer is permitted to arrest the individual. See §30.40 The time limitation for the statute's 'brief detention' under section 30.10 no longer governs once probable cause has been formed.

At 4:00 a.m. on December 18, 2011, Officers pulled over the Defendant for an 'investigatory stop' because he was reported to have been swerving between lanes and driving in on-coming lanes on Route #1. The Officers requested Mansapit to submit to the SFST based on the reasonable suspicion Defendant was Driving under the Influence of Alcohol. Sometime after 4:00 a.m. the Officers asked Mansapit if he had consumed alcohol, to which he admitted to having drunk a twelve (12) pack of beer. Mansapit failed the SFST and was subsequently arrested. During this investigatory stop, the Officers had probable cause to arrest Mansapit shortly after 4:00 a.m. based on his admission to having drunk alcohol. Once probable cause is formed during the "investigatory stop", the fifteen (15) minute time limit for purposes of section

30.10 no longer governed. The "investigatory stop", then becomes a detention and need only pass constitutional muster against unreasonable searches and seizures guaranteed by the Fourth Amendment.

The United States Supreme Court has repeatedly rejected the application of a bright-line time limit for Fourth Amendment detentions. See United States v. Sharpe, 470 U.S. 675, 685 (1985). Although having a 'bright-line' rule would be helpful in evaluating whether an investigative detention is unreasonable, a police officer's common sense and judgment must ultimately govern their conduct. In United States v. Place, the Court reasoned that "[s]uch a limit would undermine the equally important need to allow authorities to graduate their responses to the demands of any particular situation." Place, 462 U.S. 696, 709, n.10 (1983). The Guam legislature has provided clear framework for 'stops' for the purposes of section 30.30 and the facts in this case do not trigger its application.

Accordingly, this Court does not agree with Defendant's assertion that "all and any" evidence from a detention should be suppressed under §30.60. Although the Court in *Santos* did not address the suppression issue, the Court will do so now. Guam law provides that "[n]othing seized by a peace officer *in the search authorized by §30.50* [Weapons Search Permitted] shall be admissible against any person in any court of this Territory unless both the detention and the search which disclosed its existence was authorized by and conducted in compliance with the provisions of this Chapter" 8 G.C.A. §30.60. In the present case, there is no evidence to suppress from a search of the Defendant based on the following analysis.

A "detention" for purposes of section 30.30 is limited to ascertaining the identity of the person and the circumstances surrounding his presence. See §30.20. A request for identification and investigation does not generally constitute a seizure under Terry, and more importantly, does not implicate the Fourth Amendment. Under Terry, a 'detention' occurs when a "police officer accosts an individual and restrains his freedom to walk away." Terry v. Ohio, 392 U.S. 1, 16 (1968); see also People v. Santos, 2003 Guam 1, ¶ 52 (Sup. Ct. Guam 2003) The Court of Appeals in Michigan found the determining factor in assessing whether a "detention is too long in duration to be justified as an investigatory stop is whether the police were diligently pursuing

a means of investigation that was likely to confirm or dispel their suspicions" People v. Chambers, 489 N.W.2d 168, 125, (1992).

Defendant urges the Court to rely on its ruling in *People v. Santo,* CM 0332-11, Superior Court of Guam, July 2, 2010. This Court abandons its ruling in *Santos*[1] wherein it concluded police officers have fifteen (15) minutes to make an *arrest* after the onslaught of probable cause following an initial investigatory stop. This Court has not previously adhered to such analysis. *People v. Pascual* CF 370-08, Superior Court of Guam, January 11, 2010; *People v. Tedtaotao,* CF 50-09, Superior Court of Guam, April 20, 2009.

Even if Section 30.30 was violated, this Court finds that suppression is not an appropriate remedy. The fifteen (15) minute limitation is a statutory right prescribed by the Guam legislature, not a constitutional right. The Fourth Amendment protects against unreasonable searches and seizures applies pursuant to §1421b(c) of the Organic Act of Guam; however, nothing in the Act incorporates the fifteen (15) minute limitation as a constitutionally-afforded right to the people of Guam. In addition, Section 30.50 only applies to weapons search and is inapplicable to the present case, as no weapons search occurred. Section 30.60 provides the admissibility of seized evidence found in searches authorized by § 30.50 to be limited to weapons searches. Since no weapons search occurred, this Court finds the suppression of evidence not an appropriate remedy. Based on the foregoing analysis the Defendant's Motion to Suppress is **DENIED**.

This matter is set for Criminal Trial Setting on JULY 2, 2012 at 9:30 a.m.

SO ORDERED

_____
**HONORABLE ELIZABETH BARRETT-ANDERSON**
Judge, Superior Court of Guam

I hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

JUN - 6 2012

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam

_____
[1] More specifically, this Court abandons its faulty logic in Decision & Order (July 2, 2010) on p. 5 ¶ 2. "The existence of probable cause does not alter the time and place limitations of 8 G.C.A. §30.20" Instead, the Court finds the existence of probable cause *does alter* the time and place limitations of Section 30.20. If probable cause is found during the "investigatory stop", the exclusionary rule is not triggered even after the expiration of the fifteen (15) minute time limitation.